UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTINE BARRERAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   Civil Action No:  SA-13-CA-960-XR |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant, | ) |
| | ) |

**SHOW CAUSE ORDER**

On this date, the Court considered its jurisdiction over this removed case. Defendant Wal-Mart Stores Texas, LLC removed this case on October 21, 2013 on the basis of diversity jurisdiction. This Court has a duty to examine its subject matter jurisdiction *sua sponte*. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). The Court refers first to the state court petition to determine the amount in controversy. *See St. Paul Reinsurance Co. Limited. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). "Where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a

1

finding of the requisite amount. *Id.*

Plaintiff's petition asserts a claim for premises liability. She alleges that she "slipped on a large liquid puddle, falling to the ground and sustaining injuries." Petn. ¶ 8. There is no allegation concerning the nature or severity of the injuries. Plaintiff seeks various damages, including past and future medical expenses, past and future pain and suffering, past and future physical impairment, past and future loss of earnings, past and future mental anguish, and future medical monitoring and prevention. Petn. ¶ 13. Pursuant to Texas Rule of Civil Procedure 169 governing "expedited actions," Plaintiff further asserts, "Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and/or attorney fees." Petn. ¶ 5. *See* TEX. R. CIV. P. 169 ("The expedited actions process in this rule applies to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."). The petition further states that discovery will be conducted pursuant to Texas Rule of Civil Procedure 190.2, Petn. ¶ 1, which applies to "expedited actions and divorces involving $50,000 or less." TEX. R. CIV. P. 190.2.

In the Notice of Removal, Defendant summarily states that "[t]he amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. Plaintiff has pled that her damages are '$100,000.00 or less . . . .'" Notice of Removal at 2. However, this assertion fails to satisfy Defendant's burden to demonstrate the amount in controversy exceeds $75,000. Plaintiff's invocation of Rule 169 does not establish that the amount in controversy is $100,000 or otherwise exceeds $75,000; it establishes only that *all* of Plaintiffs' damages, taken together, do not exceed $100,000. *See* TEX. R. CIV. P. 169(b) ("In no event may a party who prosecutes a suit under this rule recover a judgment in excess of $100,000, excluding

post-judgment interest."). Logically, Plaintiff's allegation does nothing more than establish that she seeks damages between $1 and $100,000. Therefore, Defendant must still demonstrate that the amount in controversy exceeds $75,000.

The Fifth Circuit has generally held that when the petition alleges extensive injuries, it may be facially apparent that the amount in controversy exceeds $75,000. *See Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294-95 (5th Cir. 2011). In contrast, where the petition describes injuries and damages inadequately and without specificity, it will generally not be facially apparent. *See Simon v. Wal-Mart*, 193 F.3d 848, 851 (5th Cir. 1999). The Court concludes that it is not facially apparent that the amount in controversy in this case will exceed $75,000. Although the petition pleads a number of different types of damages, there is no allegation concerning the nature of the injury and no indication of the potential magnitude of the various categories of damages. Thus, Wal-Mart must rely on "facts in controversy" or summary-judgment type evidence to establish that the jurisdictional threshold is met. The Court therefore directs Wal-Mart to submit further evidence, if any, and briefing concerning whether the amount in controversy exceeded $75,000 at the time of removal. Such evidence and briefing shall be due by **November 6, 2013.** Plaintiff may also, but is not required to, submit briefing regarding the amount in controversy by that date.

It is so ORDERED.

SIGNED this 28th day of October, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE