# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| **Christine Barreras** § | |
| § | |
| **v.** § | |
| § | SA-13-CV-960 |
| **Wal-Mart Stores, Inc.** § | |

## ORDER

On this day came on to be considered Plaintiff's motions to remand (docket nos. 4 and 13).

## Background

Plaintiff's petition, originally filed in state court, asserts a claim for premises liability. She alleges that she "slipped on a large liquid puddle, falling to the ground and sustaining injuries." Petn. ¶8. There is no allegation concerning the nature or severity of the injuries. Plaintiff seeks various damages, including past and future medical expenses, past and future pain and suffering, past and future physical impairment, past and future loss of earnings, past and future mental anguish, and future medical monitoring and prevention. Petn. ¶ 13. Pursuant to Texas Rule of Civil Procedure 169 governing "expedited actions," Plaintiff further asserts, "Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and/or attorney fees." Petn. ¶ 5. See TEX. R. CIV. P. 169 ("The expedited actions process in this rule applies to a suit in which all claimants, other than counter-claimants, affirmatively plead that they seek only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."). The petition further states that discovery will be conducted

pursuant to Texas Rule of Civil Procedure 190.2, Petn. ¶ 1, which applies to "expedited actions and divorces involving $50,000 or less." TEX. R. CIV. P. 190.2.

In its October 21, 2013, Notice of Removal based on diversity jurisdiction, Defendant summarily stated that "[t]he amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs."

On October 28, the Court issued a Show Cause Order directing Wal-Mart to submit further evidence, if any, and briefing concerning whether the amount in controversy exceeded $75,000 at the time of removal.

On October 28, Defendant's counsel sent correspondence to Plaintiff's counsel that the correct entity for this lawsuit was Wal-Mart Stores Texas L.L.C. On October 29, Plaintiff filed her motion to remand arguing that in state court Wal-Mart Stores, Inc. asserted that it was not a properly named party. Given this contention, Plaintiff argues that "Wal-Mart Stores, Inc. cannot use the alleged citizenship of the improperly named party to establish that there is complete diversity between the parties." Plaintiff further argues that Defendant has failed to establish complete diversity between Wal-Mart Stores Texas L.L.C. and Plaintiff. Alternatively, Plaintiff argues that Defendant failed to establish that the amount in controversy threshold had been met.

## Analysis

**Diversity of Parties**

At the time this case was removed the only party Plaintiff sued was Wal-Mart Stores, Inc. In its removal Defendant pled that Wal-Mart Stores, Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Arkansas. It further pled that Plaintiff is a Texas citizen. The mere fact that Defendant notified Plaintiff that it had sued the wrong entity did not alter the procedural posture of this case. Since Plaintiff had not yet filed

suit against Wal-Mart Stores Texas L.L.C., Defendant was under no obligation to address that unnamed party. See *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005)("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State. It is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity."). Plaintiff's motion to remand on this basis is denied.

**Amount in Controversy**

The amount in controversy issue is a more difficult issue. As noted in the Court's Show Cause Order, Plaintiff alleges that she "slipped on a large liquid puddle, falling to the ground and sustaining injuries." Petn. ¶8. There is no allegation concerning the nature or severity of the injuries. Plaintiff seeks various damages, including past and future medical expenses, past and future pain and suffering, past and future physical impairment, past and future loss of earnings, past and future mental anguish, and future medical monitoring and prevention.

On the date of the alleged slip and fall Plaintiff told store officials that she injured her left knee, right ankle, right hip and lower back. In paragraph 5 of her state court petition Plaintiff sought "monetary relief of $100,000 or less." In response to the Show Cause Order Defendant's counsel offered to agree to a remand of this case if Plaintiff would stipulate that her damages were less than $75,000. Plaintiff refuses to enter into such a stipulation.

Defendant argues that based upon the statement of injuries Plaintiff relayed at the time of the incident, the allegations made in the state court petition, and the refusal to stipulate to damages less than $75,000, it has established the amount in controversy requirement. Defendant relies upon *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). In *Gebbia*, the

plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back in a slip and fall. Gebbia alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. Like in this instant case, Gebbia argued that due to continuing medical treatment of her injuries, she was unable to confirm the amount of her damages. The Fifth Circuit held that Gebbia's allegations supported a basis to confer removal jurisdiction, and therefore the district court did not err in denying Plaintiff's motion to remand because it was facially apparent that Plaintiff's claimed damages exceeded $75,000.

Plaintiff distinguishes this case from *Gebbia* arguing that she has made no allegation of permanent disability and does not seek exemplary damages. Plaintiff counters that her case is more akin to *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Simon did not plead a monetary amount of damages, but asserted that she "suffered bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries to be shown more fully at trial, and has incurred or will incur medical expenses." Given these allegations the Fifth Circuit concluded that the amount in controversy requirement had not been met.

The Fifth Circuit, sua sponte, revisited the amount in controversy issue in *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771 (5th Cir. 2003). The Court stated:

> Greyhound's Notice of Removal indicates that Felton 'suffered severe debilitating injuries including a subtrochanteric fracture of the right hip requiring an open reduction and an internal fixation with a 75 millimeter lag screw and 140–degree six hole plate.' Greyhound also repeated from Felton's complaint that she was confined to a rehabilitation hospital after surgery. Finally, Greyhound noted that Felton had incurred 'over $40,000 in medical bills relating to this incident.' On the basis of these facts,

4

> Greyhound alleged that the amount in controversy 'reasonably exceeds $75,000.'
>
> There is no indication when Felton's counsel advised Greyhound of the $40,000 in medical expenses, but it was likely after the suit had been commenced. The accident occurred on February 18, 2000, and the complaint was filed on February 12, 2001, almost a year later. Given this lapse in time, we can reasonably conclude that the $40,000 figure includes the surgery undergone by Felton to mend her hip as well as some of the costs of rehabilitation, thereby making less certain the conclusion that plaintiff's expenses and equitable relief were greater than $75,000.
>
> Nonetheless, in addition to compensation for a plaintiff's medical expenses and rehabilitation costs, his general and equitable relief automatically includes damages for pain and suffering. Although the question remains close, when all of these items are calculated, it becomes more likely than not that the amount-in-controversy will exceed $75,000. Thus, there is subject matter jurisdiction here.

This Court concludes that at this time, Wal-Mart has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. There is no evidence as to the extent, if any, of lost wages or income Plaintiff has suffered and there is no evidence as to what, if any, medical treatment and expenses Plaintiff has incurred. Accordingly, since the amount in controversy has not been established, Plaintiff's motion to remand is granted.

**Costs and Fees**

Plaintiff seeks costs and fees expended in filing the motion to remand. The Court may order a defendant to pay for the costs, expenses and attorney's fees incurred if removal was unreasonable or improper or the removing party lacked an "objectively reasonable basis" for seeking removal. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Valdes v. Wal–Mart Stores, Inc*., 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees).

In this case the Court declines to award costs and fees. Apparently to qualify for expedited action in the state court, and pursuant to new Texas Rule of Civil Procedure 47(c), Plaintiff set forth a statement that she sought "monetary relief of $100,000 or less." Justifiably, Defendant became concerned with when the 30-day removal time period pursuant to 28 U.S.C. § 1446(b)(1) would be triggered. This analysis is further complicated by the fact that *Gebbia*, *Simon* and *Felton*, nor any other federal court has yet considered the application of new Tex. R. Civ. P. 47 in the removal context. These factors provided Defendant an objectively reasonable grounds for the removal.

## Conclusion

Plaintiff's motion to remand (docket no. 4) is granted. Plaintiff's motion to supplement (docket no. 13) is denied. The Clerk is directed to remand the case to state court and to close this case.

SIGNED this 6th day of December, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE